FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 4 2012

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMIE SHAWN McCALL,                                    PLAINTIFF
#11962-11

v.                          CASE NO. 4:10-cv-02069-BRW-BD

MIKE RICHARDS, TONYA PARKER,
CALVIN REED, SAM GRIFFIN,
JIMMY LESTER, BOSEMAN, MARVEL,
MCGEE, BENTLEY, BRUCE PENNINGTON,
JOHN ANDJANE DOES I-IV,
COUNTY OF SALINE                                       DEFENDANT

## THIRD AMENDED COMPLAINT

Comes now the Plaintiff, Jamie Shawn McCall, by and through undersigned counsel, and for his Third Amended Complaint states:

## I. Introduction

1. This case is about the custom of official brutality and neglect at Saline County Detention Facility. As detailed below, guards at the Saline County Detention Facility behaved violently and recklessly toward Mr. McCall and willfully ignored his legitimate medical needs. This Amended Complaint alleges that this was part of an official custom at the Saline County Detention Facility.

2. Plaintiff Jamie Shawn McCall was held at Saline County Detention Facility for several months. During this time, he was violently assaulted by the guards at the prison on two separate occasions.

3. Shortly after his initial incarceration, he was placed in punitive segregation—which involves a considerable reduction in privileges at the prison—without due process or any right to defend himself.

4. After filing grievances with the jail relating to these two incidents, guards at the prison offered other prisoners extra food to induce them to attack Mr. McCall.

5. Mr. McCall sought protective custody for protection from assault by his fellow inmates. He was, in fact, segregated from the general population for a time. However, after several days in "administrative segregation," the guards began forcing Mr. McCall to enter the general prison population, where he was brutally attacked by another inmate.

6. The attack broke Mr. McCall's nose. At the emergency room, the doctor requested that Mr. McCall receive surgery within a two week window, after which his injury would be inoperable, and set up an appointment for a surgical consult and surgery. Saline County jail officers cancelled this surgery in favor of transporting Mr. McCall to a state run facility, where a new doctor determined that Mr. McCall was not eligible for surgery because his injuries had already healed too much for a simple surgery.

7. The Defendants' actions constitute, at best, deliberate indifference to Mr. McCall's safety and known risks of harm and, at worst, malice designed to harm Mr. McCall.

8. This Amended Complaint alleges that Saline County and the Saline County Sheriff, whether through inadequate supervision and training of guards or through willful encouragement of violent and reckless behavior by guards, fails to protect inmates from violence by guards and other inmates, and engages in a pattern or custom of denying inmates urgently needed medical treatment in favor of transferring them to

2

state facilities. It further alleges that specific officials at the Saline County Detention Center attacked, failed to protect, or denied medical treatment to Mr. McCall.

## II. Jurisdictional Statement

9.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Ark. Code Ann. § 16-123-105. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367(a). This Court has supplemental jurisdiction over Plaintiff's claims under Arkansas law pursuant to 28 U.S.C. § 1367(a) as the claims form part of the same case or controversy as the 42 U.S.C. § 1983 claim.

10. Venue is proper in this Court pursuant to 42 U.S.C. § 1391(b) as the acts complained of all occurred in Saline County, Arkansas, a county situated in the Western Division of the Eastern District of Arkansas.

## III. Parties

11. Plaintiff, Jamie McCall, was a citizen and resident of Pulaski County, Arkansas and a prisoner of the Saline County Detention Center at the time his constitutional rights were violated. He is currently incarcerated by the Arkansas Department of Corrections at the Mississippi County Work Release Center in Luxora, Arkansas.

12. Defendant Mike Richards was a resident of Saline County, Arkansas and an employee of the Saline County Detention Center at the time of the unlawful and unconstitutional acts against Mr. McCall.

13. Defendant Tonya Parker was a resident of Saline County, Arkansas and an employee of the Saline County Detention Center at the time of the unlawful and unconstitutional acts against Mr. McCall.

3

14. Defendant Calvin Reed was a resident of Saline County, Arkansas and an employee of the Saline County Detention Center at the time of the unlawful and unconstitutional acts against Mr. McCall.

15. Defendant Sam Griffin was a resident of Saline County, Arkansas and an employee of the Saline County Detention Center at the time of the unlawful and unconstitutional acts against Mr. McCall.

16. Defendant Jimmy Lester was a resident of Saline County, Arkansas and an employee of the Saline County Detention Center at the time of the unlawful and unconstitutional acts against Mr. McCall.

17. Defendant Boseman was a resident of Saline County, Arkansas and an employee of the Saline County Detention Center at the time of the unlawful and unconstitutional acts against Mr. McCall.

18. Defendant Marvel was a resident of Saline County, Arkansas and an employee of the Saline County Detention Center at the time of the unlawful and unconstitutional acts against Mr. McCall.

19. Defendant McGee was a resident of Saline County, Arkansas and an employee of the Saline County Detention Center at the time of the unlawful and unconstitutional acts against Mr. McCall.

20. Defendant Bentley was a resident of Saline County, Arkansas and an employee of the Saline County Detention Center at the time of the unlawful and unconstitutional acts against Mr. McCall.

21. Defendant Bruce Pennington was and is the Sheriff of Saline County and, therefore, is and has been responsible for the promulgation, implementation, and

oversight of Sheriff's Department and Saline County Detention Center policy, procedure, and practice in the County of Saline.

22. Defendant County of Saline is an Arkansas County and is responsible for the policies, procedures, and practices implemented through its various agents and agencies and for injury occasioned thereby.

23. John and Jane Does I-IV are individuals in the employ of the Saline County Sheriff's Department and/or Saline County Detention Center.

**IV. Facts and Allegations**

24. On or about August 27, 2010, Plaintiff Jamie Shawn McCall was arrested and placed in the custody of the Saline County Detention Center.

25. While taking Mr. McCall into the jail, guards John and Jane Does I-IV beat him, shoving Mr. McCall into walls and striking him while he was handcuffed, using excessive force to inflict cruel and unusual punishment on Mr. McCall.

26. Within hours after his arrest, Mr. McCall requested that he be allowed to check his blood sugar levels due to his hypoglycemia.

27. In response to Mr. McCall's requests to check his blood sugar, Saline County jail guards John and Jane Does I-IV again beat him and restrained him in a restraint chair displaying deliberate indifference to Mr. McCall's medical needs, thereby subjecting him to excessive force and cruel and unusual punishment.

28. On or about September 1, 2010, Mr. McCall began filing grievances concerning the beatings he had received, as well as concerning the fact that he had not been allowed to check his blood sugar levels.

29. These grievances were never answered, displaying the Saline County Detention Center's deliberate indifference toward Mr. McCall's serious medical needs.

30. On or about September 14, 2010, Saline County Detention Center staff began to allow Mr. McCall to check his blood sugar levels.

31. Around that same time period, Mr. McCall began to receive taunts and threats from a prison gang, described by Mr. McCall as Neo-Nazi Skinheads (the "Prison Gang").

32. Due to Mr. McCall's troubles with the Prison Gang, Deputy Parker moved Mr. McCall from open barracks to B-Pod.

33. After approximately two weeks, members of the Prison Gang in B-Pod also began harassing Mr. McCall. This harassment consisted of threatening Mr. McCall and the use of derogatory racial epithets for persons of Jewish descent toward Mr. McCall.

34. Mr. McCall informed Defendant Mike Richards ("Sergeant Richards") of the threats made against him.

35. On or about October 15, 2010, Mr. McCall was placed on thirty day disciplinary segregation when Defendant Boseman ("Deputy Boseman") accused Mr. McCall of taking extra food at breakfast.

36. Mr. McCall was not allowed to respond to or defend against the allegations Deputy Boseman made against him.

37. As part of the disciplinary segregation, Deputy Boseman and Sergeant Richards removed Mr. McCall's personal belongings and commissary food. Mr. McCall was allowed no visitation while on disciplinary segregation.

38. Mr. McCall suffered deprivation of his limited rights and liberties without any disciplinary hearing without due process. This violated Mr. McCall's constitutional rights by denying him due process.

39. On or about October 25, 2010, Defendant Marvel ("Deputy Marvel") began making unprovoked threats of violence against Mr. McCall, including, but not limited to, aiming a taser at Mr. McCall's groin, thereby subjecting Mr. McCall to cruel and unusual punishment.

40. On or about November 3, 2010, Mr. McCall began making requests to Sergeant Richards to be put on protective custody because of the threats Mr. McCall had received from the Prison Gang, as well as an altercation with an inmate known to Mr. McCall as "Florida."

41. On or about November 5, 2010, Mr. McCall received information from a fellow inmate, Michael Abshure, that Deputy Marvel had attempted to purposefully incite violence against Mr. McCall. Deputy Marvel offered Mr. Abshure and other inmates extra food if they would attack Mr. McCall.

42. On or about November 6, 2010, Mr. McCall sought to tell Defendant Bentley ("Sergeant Bentley") about Deputy Marvel's attempt to incite violence against Mr. McCall.

43. When Mr. McCall approached, Sergeant Bentley threatened Mr. McCall, stating, "I'm going to beat your ass if this is not an emergency."

44. After Mr. McCall explained that Deputy Marvel had offered extra food to other inmates to attack Mr. McCall, Sergeant Bentley announced to the entire barracks, "[y]ou [Mr. McCall] better not take your hour out because all these inmates want to beat you up for extra trays," purposely inciting other inmates to violence against Mr. McCall and displaying deliberate indifference to a substantial threat to Mr. McCall's safety.

45. Subsequent to Sergeant Bentley's public announcement of his conversation with Mr. McCall, other inmates began threatening Mr. McCall.

46. In November of 2010, many inmates were moved to different locations within Saline County Detention Facility. Mr. McCall was scheduled to be moved to E-Pod.

47. Mr. McCall informed Defendant Griffin ("Deputy Griffin") that he had enemies in E-Pod. Saline County Detention Facility staff moved Mr. McCall to E-Pod despite these safety concerns with deliberate indifference to a substantial risk to his safety.

48. On or about November 27, 2010, Mr. McCall was assaulted in E-Pod by two inmates.

49. On or about November 28, 2010, Mr. McCall made another request to be placed in protective custody (also known as "administrative segregation") by handing a handwritten request to Deputies Griffin and McGee.

50. Sergeant Richards subsequently placed Mr. McCall in protective custody.

51. Within two days of being placed in protective custody, Mr. McCall was forced out of his cell despite protests that he had been placed on protective custody and despite Mr. McCall showing the guards written statements from Sergeant Richards stating that Mr. McCall was on administrative segregation.

52. During the period that Mr. McCall was in protective custody, guards would force him out of his cell on some days and allow him to stay in his cell on others, showing deliberate indifference to the substantial risk to Mr. McCall's safety.

53. Specifically, Deputies Reed and Parker forced Mr. McCall out of his cell into general population on several occasions during this period with deliberate indifference to the substantial risk to Mr. McCall's safety.

54. On December 19, 2010, Mr. McCall was sitting at a table playing cards with fellow inmate Sherrief Qassas when he was attacked by inmate Joseph Miller. Joseph

Miller attacked him with an improvised weapon—on information and belief, a door stop—hitting him in the head, breaking his nose, and damaging his eye socket.

55. Mr. McCall was transported to the Emergency Room at Saline Memorial Hospital approximately four hours later, where he was examined and treated by Dr. Amy Pittman.

56. Mr. McCall suffered numerous injuries from the attack, including contusions and a broken nose.

57. Dr. Pittman concluded that Mr. McCall required immediate surgery to repair his broken nose to avoid permanent injury. She directed Mr. McCall to set up an appointment for a surgical consultation with Dr. Michael McGhee within 2-3 days in preparation for surgery. Upon Mr. McCall's release from Saline Memorial Hospital, a pre-registration appointment for Mr. McCall's surgery was made with Dr. McGhee for December 28, 2010, and surgery was scheduled December 30, 2010.

58. Mr. McCall was informed that he must have surgery to repair his nose within a two week period to prevent additional complications.

59. Sergeant Lester subsequently cancelled Mr. McCall's surgery with deliberate indifference toward Mr. McCall's serious medical need.

60. Mr. McCall has received no treatment for his broken nose, resulting in impaired breathing and other complications. For example, Mr. McCall has begun to suffer migraines subsequent to the attack by Joseph Miller. At this point in time, it is medically very difficult to repair Mr. McCall's injuries because his nose has healed incorrectly. Repair would be far more expensive and painful today than it would have been if Saline County and Bruce Pennington implemented policies that allowed inmates

9

to receive necessary medical care when needed and if Sergeant Lester had not cancelled Mr. McCall's surgery.

61. The County of Saline and Bruce Pennington had a duty to implement an effective policy to train Sheriff's Deputies and Saline County Detention Center personnel in the use of reasonable force used against inmates.

62. The County of Saline and Bruce Pennington failed to provide proper training and promulgate an effective policy regarding the use of reasonable force against inmates held in the Saline County Detention Center.

63. The County of Saline and Bruce Pennington are responsible for the customs and policies observed by the personnel of the Saline County Detention Center.

64. Upon information and belief, it is the custom of the Saline County Detention Center to deprive inmates of proper medical care until those inmates are either transferred to the Arkansas Department of Corrections or their condition has progressed beyond the point at which a reasonable person would seek medical care.

65. Defendants the County of Saline and Bruce Pennington knew of their constitutional duty to hire, train, and discipline officers in a manner consistent with the U.S. Constitution, and to implement policies, practices, and procedures to ensure that officers executed their duties in a constitutionally permissible manner.

66. Defendants County of Saline and Bruce Pennington knew that their acts, omissions, and policies regarding treatment of inmates at the Saline County Detention Center would result in the use of excessive force against inmates and deliberate indifference to the medical needs and dangers posed to inmates.

67. The customs and deficiencies in the policies of Saline County caused the

deprivation of rights and cruel and unusual punishment to which Plaintiff was

subjected.

## V. Causes of Action

### Count I
### Violation of 42 U.S.C. § 1983, and Amendment VIII of the Constitution of the United States - Excessive Force
### Against Defendant County of Saline, and Defendants John and Jane Does I-IV and Bruce Pennington in their Official Capacities

68. Plaintiff restates and realleges paragraphs 1 through 67 as though repeated here

word for word.

69. Defendants John and Jane Does I-IV used grossly disproportionate force against

Plaintiff by beating him while he was handcuffed and unable to threaten Defendants in

any way.

70. Defendants John and Jane Does I-IV acted in their official capacity, in that Bruce

Pennington and the County of Saline promoted a custom and culture of malevolence

toward inmates by encouraging brutality against inmates.

71. Defendants County of Saline's and Bruce Pennington's failure to provide proper

training and promulgate an effective policy regarding the use of reasonable force against

inmates held in the Saline County Detention Center caused Defendants John and Jane

Does I-IV to engage in the use of excessive force due to a lack of training and guidance in

the reasonable amount of force to be used against a handcuffed inmate.

72. Defendants' wanton aggression qualifies as cruel and unusual punishment and,

as such, is prohibited by Amendment VIII of the Constitution of the United States.

73. Plaintiff is entitled to actual damages pursuant to 42 U.S.C. § 1983 and

reasonable attorney's fees pursuant to 42. U.S.C. § 1988. Plaintiff is entitled to punitive

damages against Defendants John and Jane Does I-IV and Bruce Pennington pursuant to 42 U.S.C. § 1983 because Defendants acted with malice or with reckless disregard from which malice can be inferred.

### Count II
### Violation of Ark. Code Ann. § 16-123-105 and the Constitution of the State of Arkansas, Article 2, § 9 – Excessive Force
### Against Defendant County of Saline, and Defendants John and Jane Does I-IV, and Bruce Pennington in their Official Capacities

74. Plaintiff restates and realleges paragraphs 1 through 67 as though repeated here word for word.

75. Defendants John and Jane Does I-IV used grossly disproportionate force against Plaintiff by beating him while he was handcuffed and unable to threaten Defendants in any way.

76. Defendants John and Jane Does I-IV acted in their official capacity, in that Bruce Pennington and the County of Saline promoted a custom and culture of malevolence toward inmates by encouraging brutality against inmates.

77. Defendants County of Saline's and Bruce Pennington's failure to provide proper training and promulgate an effective policy regarding the use of reasonable force against inmates held in the Saline County Detention Center caused Defendants John and Jane Does I-IV to engage in the use of excessive force due to a lack of training and guidance in the reasonable amount of force to be used against a handcuffed inmate.

78. Defendants' wanton aggression qualifies as cruel and unusual punishment and, as such, is prohibited by Ark. Const. Art. 2, § 9 (2012).

79. Plaintiff is entitled to actual damages pursuant to Ark. Code Ann. § 16-123-105 and reasonable attorney's fees and costs pursuant to Ark. Code Ann. § 16-123-105.

Plaintiff is entitled to punitive damages against Defendants John and Jane Does I-IV and Bruce Pennington pursuant to Ark. Code Ann. § 16-123-105 because Defendants acted with malice or with reckless disregard from which malice can be inferred.

**Count III**
**Violation 42 U.S.C. § 1983 and Amendment V of the Constitution of the United States - Denial of Due Process**
**Against Defendant County of Saline and Defendants Boseman and Richards in their Individual and Official Capacities, and Defendant Pennington in his Official Capacity**

80. Plaintiff restates and realleges paragraphs 1 through 67 as though repeated here word for word.

81. Defendants Boseman and Richards denied Mr. McCall privileges and rights by summarily punishing him for alleged conduct with no opportunity for defense or redress.

82. Defendants Boseman and Richards acted in their official capacities in that they acted pursuant to a general policy or custom at Saline County Detention Facility of executing penalties against inmates without granting inmates due process or an opportunity to be heard.

83. Defendants County of Saline and Bruce Pennington's failure to provide proper training and promulgate an effective policy regarding proper procedures and disciplinary hearings for inmates accused of wrongdoing denied Mr. McCall due process of law, resulting in additional deprivations of Mr. McCall's liberty and property.

84. Alternatively, Plaintiff brings this claim against Defendants Boseman and Richards in their individual capacities.

85. Defendants' conduct in punishing Mr. McCall without any opportunity for Mr. McCall to address the accusations against him amounts to a denial of liberty without

due process of law and, as such, is prohibited by Amendment V of the Constitution of the United States.

86. Plaintiff is entitled to actual damages pursuant to 42 U.S.C. § 1983 and reasonable attorney's fees pursuant to 42. U.S.C. § 1988. Plaintiff is entitled to punitive damages against Defendants Boseman, Richards, and Bruce Pennington pursuant to 42 U.S.C. § 1983 because Defendants acted with malice or with reckless disregard from which malice can be inferred.

**Count IV**
**Violation of Ark. Code Ann. § 16-123-105 and the Constitution of the State of Arkansas, Article 2, § 8 - Denial of Due Process**
**Against Defendant County of Saline, Defendants Boseman and Richards in their Individual and Official Capacities, and Defendant Pennington in his Official Capacity**

87. Plaintiff restates and realleges paragraphs 1 through 67 as though repeated here word for word.

88. Defendants Boseman and Richards denied Mr. McCall privileges and rights by summarily punishing him for alleged conduct with no opportunity for defense or redress.

89. Defendants Boseman and Richards acted in their official capacities in that they acted pursuant to a general policy or custom at Saline County Detention Facility of executing penalties against inmates without granting inmates due process or an opportunity to be heard.

90. Defendants County of Saline and Bruce Pennington's failure to provide proper training and promulgate an effective policy regarding proper procedures and disciplinary hearings for inmates accused of wrongdoing denied Mr. McCall due process of law, resulting in additional deprivations of Mr. McCall's liberty and property.

91. Alternatively, Plaintiff brings this claim against Defendants Boseman and Richards in their individual capacities.

92. Defendants' conduct in punishing Mr. McCall without any opportunity for Mr. McCall to address the accusations against him amounts to a denial of liberty without due process of law and, as such, is prohibited by Ark. Const. Art. 2, § 8 (2012).

93. Plaintiff is entitled to actual damages pursuant to Ark. Code Ann. § 16-123-105 and reasonable attorney's fees and costs pursuant to Ark. Code Ann. § 16-123-105. Plaintiff is entitled to punitive damages against Defendants Boseman, Richards, and Bruce Pennington pursuant to Ark. Code Ann. § 16-123-105 because Defendants acted with malice or with reckless disregard from which malice can be inferred.

**Count V**
**Violation of 42 U.S.C. § 1985 – Conspiracy to Interfere with
the Right of Due Process
Against Defendants Boseman and Richards in their Individual Capacities**

94. Plaintiff restates and realleges paragraphs 1 through 67 as though repeated here word for word.

95. Upon information and belief, Defendants Boseman and Richards conspired to falsely accuse Mr. McCall of violating Saline County Detention Center rules and regulations for the purpose of denying him liberties and property.

96. Defendants Boseman and Richards took actions to further this conspiracy when they removed Mr. McCall's property and privileges and subjected him to disciplinary segregation.

97. Plaintiff is entitled to punitive damages against Defendants Boseman and Richards, pursuant to 42 U.S.C. § 1985 and reasonable attorney's fees pursuant to 42. U.S.C. § 1988. Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. § 1985.

**Count VI**
**Violation of 42 U.S.C. § 1983 and Amendment VIII of the United States**
**Constitution - Failure to Protect**
**Against Defendant County of Saline, Defendants Parker, Bentley, Griffin, and**
**McGee in their Individual and Official Capacities, and Defendant Pennington in**
**his Official Capacity**

98. Plaintiff restates and realleges paragraphs 1 through 67 as though repeated here word for word.

99. Defendants Parker, Bentley, Griffin, and McGee knowingly and willfully ignored Plaintiff's pleas for protection based on credible threats made toward Plaintiff, resulting in Plaintiff's physical injuries from inmate attacks.

100. Defendants Parker, Bentley, Griffin, and McGee acted in their official capacities in that Saline County Detention Facility has a policy of forcing all inmates out of their cells into general population, irrespective of the demonstrated needs of particular inmates for protection from other inmates. Alternatively, Defendants Parker, Bentley, Griffin, and McGee acted in their individual capacities.

101. Defendants County of Saline and Bruce Pennington's failure to provide proper training and promulgate an effective policy regarding measures to be taken to protect inmates from substantial risks of personal injury caused Mr. McCall to suffer from a lack of reasonable protection and actual damages from other inmates' attacks.

102. In refusing to protect Mr. McCall from the credible threats made against him, the Defendants subjected Mr. McCall to cruel and unusual punishment prohibited by Amendment VIII of the Constitution of the United States.

103. Plaintiff is entitled to actual damages pursuant to 42 U.S.C. § 1983 and reasonable attorney's fees pursuant to 42. U.S.C. § 1988. Plaintiff is entitled to punitive damages against Defendants Parker, Bentley, Griffin, McGee, and Bruce Pennington

pursuant to 42 U.S.C. § 1983 because Defendants acted with malice or with reckless disregard from which malice can be inferred.

### Count VII
### Violation of Ark. Code Ann. § 16-123-105 and the Constitution of the State of Arkansas, Article 2, § 9 - Failure to Protect
### Against Defendant County of Saline, Defendants Parker, Bentley, Griffin, and McGee in their Individual and Official Capacities, and Defendant Pennington in his Official Capacity

104.  Plaintiff restates and realleges paragraphs 1 through 67 as though repeated here word for word.

105.  Defendants Parker, Bentley, Griffin, and McGee knowingly and willfully ignored Plaintiff's pleas for protection based on credible threats made toward Plaintiff, resulting in Plaintiff's physical injuries from inmate attacks.

106.  Defendants Parker, Bentley, Griffin, and McGee acted in their official capacities in that Saline County Detention Facility has a policy of forcing all inmates out of their cells into general population, irrespective of the demonstrated needs of particular inmates for protection from other inmates. Alternatively, Defendants Parker, Bentley, Griffin, and McGee acted in their individual capacities.

107.  Defendants County of Saline and Bruce Pennington's failure to provide proper training and promulgate an effective policy regarding measures to be taken to protect inmates from substantial risks of personal injury caused Mr. McCall to suffer from a lack of reasonable protection and actual damages from other inmates' attacks.

108.  In refusing to protect Mr. McCall from the credible threats made against him, the Defendants subjected Mr. McCall to cruel and unusual punishment prohibited by Ark. Const. Art. 2, § 9 (2012).

109.  Plaintiff is entitled to actual damages pursuant to Ark. Code Ann. § 16-123-105 and reasonable attorney's fees and costs pursuant to Ark. Code Ann. § 16-123-105. Plaintiff is entitled to punitive damages against Defendants Parker, Bentley, Griffin, McGee, and Bruce Pennington pursuant to Ark. Code Ann. § 16-123-105 because Defendants acted with malice or with reckless disregard from which malice can be inferred.

### Count VIII
### Violation of 42 U.S.C. § 1985 – Conspiracy to Deny Protection
### Against Defendants Parker, Bentley, Griffin, and McGee in their Individual Capacities

110.  Plaintiff restates and realleges paragraphs 1 through 67 as though repeated here word for word.

111.  Upon information and belief, Defendants Parker, Bentley, Griffin, and McGee conspired to deny Mr. McCall reasonable protection against other inmates and thereby subject him to cruel and unusual punishment.

112.  Defendants Parker, Bentley, Griffin, and McGee took actions to further this conspiracy by forcing Mr. McCall out of his cell when he had been placed in protective custody.

113.  Plaintiff is entitled to punitive damages against Defendants Parker, Bentley, Griffin, and McGee pursuant to 42 U.S.C. § 1985 and reasonable attorney's fees pursuant to 42. U.S.C. § 1988. Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. § 1985.

### Count IX
### Violation of 42 U.S.C. § 1983 and Amendment VIII of the Constitution of the United States - Inciting Violence Against Plaintiff
### Against Defendant County of Saline, Defendants Marvel and Bentley in their Individual and Official Capacities, and Defendant Pennington in his Official Capacity

114.    Plaintiff restates and realleges paragraphs 1 through 67 as though repeated here word for word.

115.    Defendants Marvel and Bentley purposely and willfully made statements and offers to other inmates in order to instigate violence against Plaintiff.

116.    Defendants Marvel and Bentley acted in their official capacity in that Saline County Detention Facility had a general custom of failure to train guards in proper treatment of and interaction with inmates. Alternatively, Defendants Marvel and Bentley acted in their individual capacities.

117.    Defendants County of Saline and Bruce Pennington's failure to provide proper training and promulgate an effective policy regarding the use of reasonable force against inmates held in the Saline County Detention Center caused Defendants Marvel and Bentley to incite violence against Mr. McCall due to a lack of training and guidance.

118.    By instigating violence against Mr. McCall, Defendants subjected Mr. McCall to cruel and unusual punishment prohibited by Amendment VIII of the Constitution of the United States.

119.    Plaintiff is entitled to actual damages pursuant to 42 U.S.C. § 1983 and reasonable attorney's fees pursuant to 42. U.S.C. § 1988. Plaintiff is entitled to punitive damages against Defendants Marvel, Bentley, and Bruce Pennington pursuant to 42 U.S.C. § 1983 because Defendants acted with malice or with reckless disregard from which malice can be inferred.

**Count X**
**Violation of Ark. Code Ann. § 16-123-105 and the Constitution of the State of Arkansas, Article 2, § 9 - Inciting Violence Against Plaintiff**
**Against Defendant County of Saline, Defendants Marvel and Bentley in their Individual and Official Capacities, and Defendant Pennington in his Official Capacity**

19

120.   Plaintiff restates and realleges paragraphs 1 through 67 as though repeated here word for word.

121.   Defendants Marvel and Bentley purposely and willfully made statements and offers to other inmates in order to instigate violence against Plaintiff.

122.   Defendants Marvel and Bentley acted in their official capacity in that Saline County Detention Facility had a general custom of failure to train guards in proper treatment of and interaction with inmates. Alternatively, Defendants Marvel and Bentley acted in their individual capacities.

123.   Defendants County of Saline and Bruce Pennington's failure to provide proper training and promulgate an effective policy regarding the use of reasonable force against inmates held in the Saline County Detention Center caused Defendants Marvel and Bentley to incite violence against Mr. McCall due to a lack of training and guidance.

124.   By instigating violence against Mr. McCall, Defendants subjected Mr. McCall to cruel and unusual punishment prohibited by Ark. Const. Art. 2, § 9 (2012). Plaintiff is entitled to actual damages pursuant to Ark. Code Ann. § 16-123-105 and reasonable attorney's fees and costs pursuant to Ark. Code Ann. § 16-123-105. Plaintiff is entitled to punitive damages against Defendants Marvel, Bentley, and Bruce Pennington pursuant to  Ark. Code Ann. § 16-123-105 because Defendants acted with malice or with reckless disregard from which malice can be inferred.

**Count XI**
**Violation of 42 U.S.C. § 1985 – Conspiracy to Incite Violence Against Plaintiff Against Defendants Marvel and Bentley in their Individual Capacities**

125.   Plaintiff restates and realleges paragraphs 1 through 67 as though repeated here word for word.

20

126.  Upon information and belief, Defendants Marvel and Bentley conspired to incite violence against Mr. McCall and thereby subject him to cruel and unusual punishment.

127.  Defendants Marvel and Bentley took actions to further this conspiracy by offering other inmates food to attack Mr. McCall and publicly discussing conversations in which Mr. McCall discussed these offers with guards.

128.  Plaintiff is entitled to punitive damages against Defendants Marvel and Bentley pursuant to 42 U.S.C. § 1985 and reasonable attorney's fees pursuant to 42. U.S.C. § 1988. Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. § 1985.

### Count XII
### Violation of 42 U.S.C. § 1983 and Amendment VIII of the Constitution of the United States - Denial of Medical Care
### Against Defendant County of Saline, Defendants John and Jane Does I-IV, and Lester in their Individual and Official Capacities, and Defendant Pennington in his Official Capacity

129.  Plaintiff restates and realleges paragraphs 1 through 67 as though repeated here word for word.

130.  Defendants John and Jane Does I-IV denied Mr. McCall's requests to check his blood sugar for approximately two weeks before allowing him this basic and necessary medical service.

131.  Defendant Lester knowingly, willfully, and maliciously prevented Plaintiff from receiving necessary reconstructive surgery, resulting in additional and unnecessary pain and suffering, including persistent complications in Plaintiff's breathing.

132.  Defendants John and Jane Does I-IV and Lester acted in their official capacities in that Saline County Detention Facility and Defendant Pennington promulgated a standard custom of denying medical treatment to inmates in favor of

transferring them to state run facilities. Alternatively, Defendants John and Jane Does I-IV and Lester acted in their individual capacities.

133.  Defendants County of Saline and Bruce Pennington's failure to provide proper training and promulgate an effective policy regarding the provision of necessary medical care to inmates resulted in the denial of necessary treatment to Mr. McCall.

134.  In preventing Mr. McCall from receiving necessary medical care, Defendants subjected Mr. McCall to cruel and unusual punishment prohibited by the Amendment VIII of the Constitution of the United States.

135.  Plaintiff is entitled to actual damages pursuant to 42 U.S.C. § 1983 and reasonable attorney's fees pursuant to 42. U.S.C. § 1988. Plaintiff is entitled to punitive damages against Defendants John and Jane Does I-IV, Lester, and Pennington pursuant to 42 U.S.C. § 1983 because Defendants acted with malice or with reckless disregard from which malice can be inferred.

### Count XIII
**Violation of Ark. Code Ann. 16-123-105 and the Constitution of the State of Arkansas, Article 2, § 9 - Denial of Medical Care**
**Against Defendant County of Saline, Defendants John and Jane Does I-IV, and Lester in their Individual and Official Capacities, and Defendant Pennington in his Official Capacity**

136.  Plaintiff restates and realleges paragraphs 1 through 67 as though repeated here word for word.

137.  Defendants John and Jane Does I-IV denied Mr. McCall's requests to check his blood sugar for approximately two weeks before allowing him this basic and necessary medical service.

138.  Defendant Lester knowingly, willfully, and maliciously prevented Plaintiff from receiving necessary reconstructive surgery, resulting in additional and unnecessary pain and suffering, including persistent complications in Plaintiff's breathing.

139.  Defendants John and Jane Does I-IV and Lester acted in their official capacities in that Saline County Detention Facility and Defendant Pennington promulgated a standard custom of denying medical treatment to inmates in favor of transferring them to state run facilities. Alternatively, Defendants John and Jane Does I-IV and Lester acted in their individual capacities.

140.  Defendants County of Saline and Bruce Pennington's failure to provide proper training and promulgate an effective policy regarding the provision of necessary medical care to inmates resulted in the denial of necessary treatment to Mr. McCall.

141.  In preventing Mr. McCall from receiving necessary medical care, Defendants subjected Mr. McCall to cruel and unusual punishment prohibited by Ark. Const. Art. 2, § 9 (2012).

142.  Plaintiff is entitled to actual damages pursuant to Ark. Code Ann. § 16-123-105 and reasonable attorney's fees and costs pursuant to Ark. Code Ann. § 16-123-105. Plaintiff is entitled to punitive damages against Defendants John and Jane Does I-IV, Lester, and Pennington pursuant to Ark. Code Ann. § 16-123-105 because Defendants acted with malice or with reckless disregard from which malice can be inferred.

**Count XIV**
**Violation of 42 U.S.C. § 1985 – Conspiracy to Deny Medical Care**
**Against Defendant County of Saline, Defendants John and Jane Does I-IV, and**
**Lester in their Individual and Official Capacities, and Defendant Pennington in**
**his Official Capacity**

143.  Plaintiff restates and realleges paragraphs 1 through 67 as though repeated here word for word.

23

144.  Defendants Lester, John and Jane Does I-IV, and Bruce Pennington conspired to deny Mr. McCall necessary medical care and thereby subject him to cruel and unusual punishment.

145.  Defendants John and Jane Does I-IV took actions to further this conspiracy by denying Mr. McCall's requests to check his blood sugar levels for over two weeks.

146.  Defendant Lester took action to further this conspiracy by cancelling Mr. McCall's surgery and failing to timely request approval for Mr. McCall's surgery from the Arkansas Department of Corrections or expedited transfer to the Arkansas Department of Corrections to enable surgery there.

147.  Upon information and belief, Bruce Pennington took actions to further this conspiracy by developing and promulgating a custom of denying medical care to inmates of the Saline County Detention Center as a matter of course until such time as those inmates are transferred to the Arkansas Department of Corrections.

148.  Plaintiff is entitled to punitive damages against Defendants John and Jane Does I-IV, Lester, and Pennington pursuant to 42 U.S.C. § 1985 and reasonable attorney's fees pursuant to 42. U.S.C. § 1988. Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. § 1985.

WHEREFORE, Plaintiff, Jamie Shawn McCall, prays for the following relief:

1.  Entry of a declaratory judgment that the custom of inmate mistreatment, lack of effective policies regarding the use of excessive force, absence of any process or right to be heard for inmates following accusations against inmates by guards prior to punishing inmates, and the custom of denying necessary medical care at the Saline County Detention Facility violates the rights of Mr. McCall to due process of law and his right to be free from cruel and unusual punishment guaranteed by the Eighth and Fourteenth

Amendments to the United States Constitution, Arkansas law, and the Constitution of Arkansas;

2. Actual and punitive damages in the maximum amount allowable by federal and Arkansas law;

3. Pre-judgment interest;

4. Attorney's fees and costs as authorized by 42 U.S.C. § 1988 and Ark. Code Ann. § 16-123-105;

5. And for all other relief to which he is entitled.

**Dated: October 24, 2012**          Respectfully submitted,

/s/

Steven A. Owings (AR Bar No. 89035)
Alexander P. Owings (AR Bar No. 2011-035)
Owings Law Firm
1400 Brookwood Drive
Little Rock, AR 72202
(501) 661-9999

CERTIFICATE OF SERVICE

I, Steven A. Owings, hereby certify that I have served a copy of the foregoing document using the CM/ECF system, which automatically sent email notification of such filing to the following attorneys of record, each of whom is a registered participant in the Court's electronic notice and filing system:

George D. Ellis
gellisinbenton@swbell.net

This 24 day of October, 2012          /s/